# CIRCUIT COURT OF NELSON COUNTY

Andre P. Derdeyn,
Trustee of the
Andre P. Derdeyn
Revocable Trust, et al.

v.

Jill M. Willson et al.

July 23, 2010

Case No. CL09000261-00

By JUDGE J. MICHAEL GAMBLE

I am writing this letter to furnish my decision in this case. In this regard, I find that the plaintiffs have proven a right-of-way for ingress and egress over the real estate of the defendants by prescriptive use. This right-of-way is shown generally on the plat by Paul Saunders, C.L.S., dated September 1958 and recorded at Plat Book 4, page 142, in the Circuit Court of Nelson County. I further find that this right-of-way is a prescriptive right-of-way for agricultural, timbering, and single-family residential use.

In this case, the parties filed a stipulation agreeing that a right-of-way by prescription passes over the real estate of the defendants. The parties further agreed that the width of this right-of-way is the existing road as it has been and as is currently used. The only issue in the case is the type of use that can burden the right-of-way.

Under Virginia law, a person claiming a prescriptive easement has the burden of showing the nature and character of that easement. This issue turns on the type of use made by the dominant owner during the prescriptive period. *McNeil v. Kingrey*, 237 Va. 400, 406, 377 S.E.2d 430 (1989). The Supreme Court of Virginia has further stated that, where "an easement by prescription has been established . . . the extent of the servitude is limited to the character of the use during the prescriptive period." *Willis v. Magette*, 254 Va. 198, 204, 491 S.E.2d 735 (1997); *Pettus v. Keeling*, 232 Va. 483, 488-89, 352 S.E.2d 321 (1987).

The testimony of Fred Terry and Russell Evans established by clear and convincing evidence that the use of the right-of-way during the

prescriptive period was for agricultural, timbering, and single-family uses. Mr. Terry and Mr. Evans grew up near this property from the 1920s into the 1940s. They testified to homes and home sites located on the property now owned by the plaintiffs. Mr. Evans remembers transporting a person in an automobile from the property owned by the plaintiffs to the hospital in Charlottesville during the early 1940s. Further, their testimony established at least two house sites located on the plaintiffs' property that were near enough to be served by this access road. The testimony of Mr. Evans and Mr. Terry, together with the documentary exhibits, establishes by clear and convincing evidence the use of this property for agricultural, timbering, and single-family residential purposes.